O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#7
JS-6

CIVIL MINUTES - GENERAL

| Case No. | CV 10-0034 PSG (AJWx) | Date | March 11, 2010 |
|---|---|---|---|
| Title | Kohan Productions Ltd. *et al.* v. Comerica Bank *et al.* | | |

| Present: | The Honorable Philip S. Gutierrez, United States District Judge | |
|---|---|---|
| Wendy K. Hernandez | Not Present | n/a |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
|---|---|
| Not Present | Not Present |

**Proceedings:** (In Chambers) Order Granting Plaintiffs' Motion for Remand and Denying Plaintiffs' Request for Award of Attorneys' Fees

    Pending before the Court is Plaintiffs' Motion for Remand and Request for Award of Attorneys' Fees. The Court finds this matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78; Local R. 7-15. After considering the moving papers, the Court hereby GRANTS Plaintiffs' motion for remand and DENIES Plaintiffs' request for attorneys' fees.

I.    Background

    Plaintiffs Kohan Productions Ltd. ("Kohan") and E.F.F. Holdings, Inc. ("E.F.F.") (collectively, "Plaintiffs") move to remand a case that was removed nearly six months after the filing of the initial complaint. On June 25, 2009, Plaintiffs filed suit against Defendants Comerica Bank ("Comerica") and Comerica Bank—California ("Comerica—California") (collectively, "Defendants") in California state court ("the initial Complaint"). *See Notice of Removal ("Notice")*, at 17. The initial Complaint specified that E.F.F. was a corporation organized under the laws of the British Virgin Islands with a principal place of business in Los Angeles, California. *See* Compl. ¶ 2. The initial Complaint did not identify Defendants' citizenship, apart from alleging that Comerica was a Texas corporation and that Comerica—California was a division or subsidiary of Comerica. *See id.* ¶¶ 3-4.

    In reality, Comerica—California was not in existence at the time Plaintiffs filed the initial Complaint. *See Opp.* 4:8-11. Comerica—California had merged with Comerica Bank, a

O

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

#7
JS-6

### CIVIL MINUTES - GENERAL

| Case No. | CV 10-0034 PSG (AJWx) | Date | March 11, 2010 |
|---|---|---|---|
| Title | Kohan Productions Ltd. *et al.* v. Comerica Bank *et al.* | | |

Michigan corporation, on June 30, 2003, which in turn had merged with Comerica on October 31, 2007. *See Request for Judicial Notice* Ex. A (the Michigan Agreement of Merger), Ex. B (the Texas Certificate of Merger).[1] On August 14, 2009, Defendants' counsel informed Plaintiffs' counsel that Comerica—California was not a viable defendant in the action. *See Ponek Decl.* ¶ 2.

Defendants did not file a notice of removal at that time. Instead, Defendants filed a demurrer in the state action on August 17, 2009, challenging the adequacy of Plaintiffs' allegations with regard to the specific performance claim. *See Notice*, at 64. After the state court granted Defendants' demurrer, Plaintiffs filed a First Amended Complaint that again named Comerica—California as a defendant. *See id.* at 353. The First Amended Complaint contains the same allegations as the initial Complaint with regard to the parties' citizenship. *See FAC* ¶¶ 1-4.

On January 4, 2010, nearly six months after service of the initial Complaint, Defendants filed a Notice of Removal. In the Notice of Removal, Defendants contend that Comerica—California's citizenship should be disregarded for jurisdictional purposes because it was fraudulently joined as a defendant in the action.[2] *See Notice* ¶ 18. On February 2, 2010, within 30 days after Defendants filed the Notice of Removal, Plaintiffs' filed a timely motion for remand.

II.     Legal Standard

---

[1] The Court takes judicial notice of the merger agreements under Federal Rule of Evidence 201(d) because they are "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Plaintiffs do not dispute the authenticity of the merger documents provided in Defendants' Request for Judicial Notice.

[2] Joinder of a non-diverse defendant is deemed fraudulent where the plaintiff "fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state." *Mercado v. Allstate Ins. Co.*, 340 F.3d 824, 826 (9th Cir. 2003). According to Defendants, Plaintiffs are unable to recover from Comerica—California because it dissolved nearly seven years ago and ultimately merged with Comerica. *See Opp.* 4:10-11.

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#7**
**JS-6**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-0034 PSG (AJWx) | Date | March 11, 2010 |
|---|---|---|---|
| Title | Kohan Productions Ltd. *et al.* v. Comerica Bank *et al.* | | |

Federal courts are courts of limited jurisdiction. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377, 114 S. Ct. 1673, 128 L. Ed. 2d 391 (1994). Under 28 U.S.C. § 1441, a defendant may remove a civil action from state court to federal district court only if the federal court has subject matter jurisdiction over the case. *See Abrego Abrego v. Dow Chem. Col.*, 443 F.3d 676, 679-80 (9th Cir. 2006). There is a strong presumption against removal jurisdiction, and the party seeking removal always has the burden of establishing that removal is proper. *See Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

III. Discussion

Plaintiffs move for remand of this case on the grounds that (1) Defendants failed to comply with the procedural requirements of 28 U.S.C. § 1446(b) and (2) Defendants waived their right to removal by litigating the demurrer in the state court action. *See Mot.* 2:1-4. In the event the Court remands the case, Plaintiffs request attorneys' fees incurred in litigating the motion. *See id.* at 7:11-8:2. Plaintiffs do not dispute the complete diversity of the parties in this case,[3] and thus their motion rests solely upon Defendants' violation of the removal statute's procedural requirements and Defendants' purported waiver of the right to removal. As the Court finds that Defendants' removal was untimely under § 1446(b), the Court will not address Plaintiffs' waiver argument or determine whether the Court would otherwise have subject matter jurisdiction over the case on a fraudulent joinder theory.

    A.    The Timeliness of Defendants' Removal

Defendants' Notice of Removal was filed nearly six months after service of the initial Complaint. Section 1446(b) imposes two procedural requirements on a removing defendant. First, the notice of removal must be filed within 30 days after service of the initial pleading if the pleading was removable. *See* 28 U.S.C. § 1446(b). Second, if the initial pleading was not removable, a notice of removal must be filed within 30 days after receipt of "a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." *See id.* In diversity cases, this extended 30-day

---

[3] Plaintiffs do not address the fraudulent joinder argument raised in the Notice of Removal and concede that the parties are diverse in this case. *See Mot.* 3:5. ("Plaintiffs do not dispute that there is complete diversity of citizenship between the parties.").

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#7
JS-6

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-0034 PSG (AJWx) | Date | March 11, 2010 |
|---|---|---|---|
| Title | Kohan Productions Ltd. *et al.* v. Comerica Bank *et al.* | | |

window for removal is limited to a period of one year after the commencement of the action. *See id.*; *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 697 (9th Cir. 2005) ("Additionally, 28 U.S.C. § 1446(b) prevents, at least in the context of removal based on diversity, unreasonable waste of judicial resources by limiting *the extended period of removal* to one year after commencement of the action." (internal quotation marks omitted)). Defendants bear the burden of demonstrating that their removal fell within one of these two 30-day windows. *See Harris*, 425 F.3d at 692 ("[Section 1446(b)] provides two thirty-day windows during which a case may be removed . . . .").

       1.      The Initial 30-Day Window

Defendants do not dispute that the Notice of Removal was filed nearly six months after they received the initial Complaint. They contend, however, that the initial 30-day limit imposed by § 1446(b) does not apply in this case because the initial Complaint was not removable on its face.[4] *See Opp.* 6:19-20. In arguing that the initial 30-day period for removal did not apply, Defendants rely exclusively on the Ninth Circuit case of *Harris v. Bankers Life & Casualty*, 425 F.3d 689, which held that the initial 30-day removal period is only triggered by pleadings that affirmatively disclose the grounds for removal, prohibiting courts from evaluating the subjective knowledge of the removing party or imposing a duty to inquire on the removing party. *See id.* at 695.

In *Harris*, the plaintiff filed suit against an insurer and the insurer's agent in state court, but the complaint did not allege the agent's citizenship. *See id.* at 691. After the plaintiff failed to serve the agent and it became apparent that the plaintiff had abandoned his claims against the agent, the defendant removed the case to federal court more than 30 days after the complaint had been served. *See id.* at 691-92. After removal, it was revealed that the agent was deceased. *See id.* at 692. The plaintiff moved for remand on the grounds that the removal was untimely under § 1446(b) because the defendant insurer knew or should have known that the case was

---

[4] Defendants appear to alternate from claiming that the initial Complaint was ambiguous as to the citizenship of the parties, *see id.* at 8:21-9:2, to claiming that the initial Complaint was facially not removable because Comerica—California was a California citizen and a local defendant, *see id.* at 8:17-20. Either way, Defendants contend that the initial Complaint was not affirmatively removable.

**O**

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**#7**
**JS-6**

### CIVIL MINUTES - GENERAL

| Case No. | CV 10-0034 PSG (AJWx) | Date | March 11, 2010 |
|---|---|---|---|
| Title | Kohan Productions Ltd. *et al.* v. Comerica Bank *et al.* | | |

removable when the complaint was served.  The Ninth Circuit, however, held that the time limits of § 1446(b) were not triggered by the service of the complaint because it was an "indeterminate pleading," one that failed to state the citizenship of the parties or that was ambiguous.  *See id.* at 693 (discussing indeterminate pleadings); *id.* at 694 ("Thus, the first thirty-day period for removal in 28 U.S.C. § 1446(b) only applies if the case stated by the initial pleading is removable on its face.").

     In the Opposition, Defendants draw a simple analogy to *Harris* by characterizing the initial Complaint as an "indeterminate pleading" and arguing that indeterminate pleadings never trigger the initial 30-day time limit imposed by § 1446(b).  *See Opp.* 8:15-20.  According to Defendants, they were merely required to remove the case within one year of the commencement of the action.  *See id.* at 8:20-9:4.  However, Defendants' reliance on *Harris* is unavailing, and they have failed to demonstrate compliance with the procedural requirements of § 1446(b).

     Unlike the defendant insurer in *Harris*, Comerica would not have been required to investigate the citizenship of its codefendant to determine whether diversity existed at the time the initial Complaint was served.  The *Harris* opinion was chiefly concerned with imposing a duty to investigate on removing defendants and in consuming judicial resources in determining what a removing defendant knew and when.  *See Harris*, 425 F.3d at 695 ("[W]e will not require courts to inquire into the subjective knowledge of the defendant, an inquiry that could degenerate into a mini-trial . . . ." (quoting *Lovern v. Gen. Motors Corp.*, 121 F.3d 160, 162 (4th Cir. 1997)).  Defendants would have known that the case was removable upon service of the initial Complaint without having to conduct an investigation.  *See KDY, Inc. v. Hydroslotter Corp.*, No. 08-4074, 2008 WL 4938281, at *4 (N.D. Cal. Nov. 17, 2008) (Conti, J.) ("Although the court in *Harris* did hold that 'notice of removability under § 1446(b) is determined through examination of the four corners of the applicable proceedings, not through subjective knowledge or a duty to make further inquiry,' this conclusion was animated by the court's reluctance to impose a burden on 'the defendant to investigate the necessary jurisdictional facts within the first thirty days of receiving an indeterminate complaint.'" (internal citations omitted)).  Plaintiffs cite to *KDY, Inc. v. Hydroslotter Corp.* in the Motion, *see Mot.* 4:6-7, but Defendants fail to address or distinguish the case.  The Court is persuaded by the logic of the *KDY* case and its treatment of *Harris*.

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#7
JS-6

CIVIL MINUTES - GENERAL

| Case No. | CV 10-0034 PSG (AJWx) | Date | March 11, 2010 |
|---|---|---|---|
| Title | Kohan Productions Ltd. *et al.* v. Comerica Bank *et al.* | | |

Defendants are expected to have known that Comerica—California had merged with Comerica, whereas the *Harris* insurer was not expected to know or discover that the defendant agent had died years before the complaint was served. *See KDY*, 2008 WL 4938281, at *4 ("[C]ourts surely can presume that a defendant is aware of various basic personal facts, including the location of one's citizenship, without delving into the prohibited area of a defendant's subjective knowledge."). Furthermore, Defendants were certainly aware of the removability of the action at least as early as August 14, 2009, when Defendants informed Plaintiffs that Comerica—California no longer existed, but Defendants waited until February 2, 2010 to remove the case. As Defendants knew of the jurisdictional facts—the mergers and potential fraudulent joinder—at the time of the service of the initial Complaint, Defendants had 30-days during which to remove the action. *See Ca. Drop Forge, Inc. v. Alenia Aeronautica S.p.A.*, No. 09-4824, 2009 WL 2047712, at *2 (C.D. Cal. July 10, 2009) (Anderson, J.) ("While fraudulent joinder may defeat diversity, the timeliness requirement of 28 U.S.C. § 1446(b) still applies. [The defendant] had to remove within 30 days of its being served with a removable Complaint. Even under Removing Defendants' own fraudulent joinder theory, they could have removed following service of the Complaint. They failed to do so."). Therefore, Defendants have failed to establish the timeliness of their removal.

    2.    <u>The Extended 30-Day Window</u>

Defendants fail to point to their receipt of any "paper" that would trigger the extended 30-day removal period. *See Mot.* 5:13-16; *see also* 28 U.S.C. § 1446(b) (requiring removal within 30 days after receipt of "a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable"). Defendants do not claim to have received any documents from Plaintiffs that *first* disclosed the removability of the action. *See KDY*, 2008 WL 4938281, at *3 ("[Defendants] concede that they did not receive any subsequent pleadings or documents from Plaintiff that would have indicated the citizenship of Defendants. Thus, between Plaintiff's filing of the Complaint and Defendants' filing of the Notice of Removal, the only pleading from which Defendants might garner sufficient information to determine that there was indeed diversity jurisdiction was the original Complaint."). Indeed, the First Amended Complaint revealed the same jurisdictional information as the initial Complaint. Thus, Defendants have failed to establish that the Notice of Removal was timely filed within the extended 30-day window provided under § 1446(b).

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#7
JS-6

CIVIL MINUTES - GENERAL

| Case No. | CV 10-0034 PSG (AJWx) | Date | March 11, 2010 |
|---|---|---|---|
| Title | Kohan Productions Ltd. *et al.* v. Comerica Bank *et al.* | | |

Defendants attempt to argue that their removal was procedurally proper because the Notice of Removal was filed within one year of the commencement of the action. *See Opp.* 9:2-4. However, Defendants fail to account for another portion of the *Harris* opinion, which instructed that the one year limitation for diversity removals applies only to removals under "the extended period of removal." *See Harris*, 425 F.3d at 697. As Defendants do not point to their receipt of any "paper" that would disclose jurisdictional facts for the first time in the case, the one year outer limit does not apply. Defendants' argument leads to the unacceptable conclusion that § 1446(b) imposed absolutely no time restriction on their removal based on fraudulent joinder—the first 30-day window did not apply because the initial Complaint was indeterminate and the extended 30-day window did not apply because they did not receive any "paper" disclosing jurisdictional facts. As Defendants have failed to demonstrate that their Notice of Removal was procedurally proper under § 1446(b), the Court GRANTS Plaintiffs' motion for remand.

  B. <u>Plaintiffs' Request for Attorneys' Fees</u>

In the Motion, Plaintiffs also request an award of $3,850.00 in attorneys' fees. *See Mot.* 8:2. Pursuant to 28 U.S.C. § 1447(c), a district court has the discretion to award attorneys' fees and costs upon remand if the defendant lacked an "objectively reasonable" basis for removal. *See Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141, 126 S. Ct. 704, 163 L. Ed. 2d 547 (2005); *Patel v. Del Taco, Inc.*, 446 F.3d 996, 999 (9th Cir. 2006) (upholding fee award under § 1446(c) where the removal was "frivolous"). Although Defendants' removal lacked merit, Defendants relied in good faith upon *Harris v. Bankers Life & Casualty Co.*, 425 F.3d 689, to remove the case. Therefore, the Court DENIES Plaintiffs' request for attorneys' fees.

IV. <u>Conclusion</u>

Based on the foregoing, the Court (1) GRANTS Plaintiffs' Motion for Remand and (2) DENIES Plaintiffs' Request for Attorneys' Fees. Accordingly, the Court REMANDS the case to state court.

  **IT IS SO ORDERED.**